**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MONDRAGON, individually and on behalf of all others similarly situated, <br><br> *Plaintiff-Appellee*, <br><br> v. <br><br> CAPITAL ONE AUTO FINANCE, a Division of Capital One, N.A., <br> *Defendant-Appellant*, <br><br> and <br><br> RON BAKER CHEVROLET, a California Corporation, <br> *Defendant*. | No. 13-56699 <br><br> D.C. No. 3:13-cv-00363-H-RBB <br><br><br> OPINION |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted
November 5, 2013—Pasadena, California

Filed November 27, 2013

Before: Alfred T. Goodwin, Raymond C. Fisher,
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### Class Action Fairness Act

The panel vacated the district court's order remanding a putative class action lawsuit to California state court under the Class Action Fairness Act's "local controversy" exception to federal jurisdiction, 28 U.S.C. § 1332(d)(4)(A), and remanded for further proceedings.

The panel held that there must ordinarily be facts in evidence to support a finding that two-thirds of putative class members are local state citizens, which is one of the local controversy exception's requirements, if that question is disputed before the district court. A pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question, but otherwise such a finding should not be based on guesswork. The panel vacated the district court's remand order and remanded the case to the district court with instructions to allow plaintiff an opportunity, if he so chooses, to renew his motion to remand and to gather evidence to prove that more than two-thirds of putative class members were citizens of California.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Hunter R. Eley (argued), William H. Edmonson, and Johari N. Townes, Doll Amir & Eley LLP, Los Angeles, California; David N. Anthony, Alan D. Wingfield, and Nicholas R. Klaiber, Troutman Sanders LLP, Richmond, Virginia, for Defendant-Appellant.

Christopher P. Barry (argued) and Lacee B. Smith, Rosner, Barry & Babbitt, LLP, San Diego, California, for Plaintiff-Appellee.

## OPINION

CLIFTON, Circuit Judge:

This case presents another issue under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. Defendant-Appellant Capital One Auto Finance appeals the district court's order remanding a putative class action lawsuit to California state court under CAFA's "local controversy" exception to federal jurisdiction, 28 U.S.C. § 1332(d)(4)(A). Plaintiff Jose Mondragon, as the party seeking remand to state court, bears the burden of proving that the exception applies. Plaintiff submitted no evidence regarding the disputed issue, the citizenship of prospective class members. Nevertheless, the district court held that Plaintiff had satisfied his burden based solely on an inference from the class definition that the requirements for the local controversy exception were satisfied. We disagree, vacate the remand order and remand for further proceedings.

We conclude that there must ordinarily be facts in evidence to support a finding that two-thirds of putative class members are local state citizens, which is one of the local controversy exception's requirements, if that question is disputed before the district court. A pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question, but otherwise such a finding should not be based on guesswork. In reaching this conclusion, we join the other circuits that have considered the issue.

## I.  BACKGROUND

Plaintiff Jose Mondragon filed this putative class action against defendants Capital One Auto Finance and Ron Baker Chevrolet in the San Diego County Superior Court, alleging violations of various provisions of California state law[1] related to automobile finance contract disclosures. Capital One removed the case to the U.S. District Court for the Southern District of California based on CAFA, 28 U.S.C. §§ 1332(d), 1453(b).

Through CAFA, Congress broadened federal diversity jurisdiction over class actions by, among other things, replacing the typical requirement of complete diversity with one of only minimal diversity, *see id.* § 1332(d)(2), and allowing aggregation of class members' claims to satisfy a minimum amount in controversy of $5 million, *see id.* § 1332(d)(6). However, Congress also provided exceptions

---

[1] The operative complaint alleged violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, the Automobile Sales Finance Act, Cal. Civ. Code § 2981, *et seq.*, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

allowing certain class actions that would otherwise satisfy CAFA's jurisdictional requirements to be remanded to state court. Among these is the exception commonly referred to as the local controversy exception, set forth in 28 U.S.C. § 1332(d)(4)(A).**²** One of the requirements of the local

---

**²** In its entirety, the local controversy exception reads:

> A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)
>
>> (i) over a class action in which—
>>
>>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>>
>>> (II) at least 1 defendant is a defendant—
>>>
>>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>>
>>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>>
>>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>>
>>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>>
>> (ii) during the 3-year period preceding the filing of that class action, no other class action has been

controversy exception is that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(A)(i)(I).

Shortly after the case was removed to federal court, Mondragon moved to remand it to state court under the local controversy exception. Mondragon did not present any evidence of the citizenship of the putative class members. Instead, he sought to rely entirely on his proposed class definitions, arguing that the court should infer from those definitions that more than two-thirds of the class members were citizens of California.

Mondragon's putative class action complaint alleged violations of California law against three classes, only two of which remain in the case. The Second Amended Complaint defined the two remaining classes as:

> "CLASS 1:" All persons who, in the four years prior to the filing of this complaint, (1) purchased a vehicle from Ron Baker for personal use to be registered in the State of California, and (2) signed a [Retail Installment Sale Contract (RISC)] that failed to separately disclose, on the RISC, the amounts paid for license fees and/or the

---

filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4).

amounts paid for registration, transfer, and/or titling fees.

. . .

"CLASS 3:" All persons who, in the four years prior to the filing of this complaint, (1) purchased a vehicle in California for personal use to be registered in the State of California, (2) signed a RISC that failed to separately disclose on the RISC the amounts paid for registration/transfer/titling fees, and (3) whose RISC was assigned to Capital One.

Mondragon argued that these definitions, limiting putative class members to those consumers who purchased and registered cars in California, were sufficient to establish that this action fell within CAFA's local controversy exception. The district court agreed, concluding that the "class allegations sufficiently show that at least two-thirds of the potential class members will be California citizens. As such, Plaintiff has satisfied his burden of proving that CAFA's local controversy exception applies." The district court thus granted Mondragon's motion to remand the case to state court.

Capital One filed in this court a petition for permission to appeal the district court's remand order, pursuant to 28 U.S.C. § 1453(c). This court granted the petition for permission to appeal.[3]

---

[3] Capital One also filed a motion for a stay of the ongoing state proceedings, which was also granted by this court.

## II. DISCUSSION

We review a district court's remand order de novo. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (per curiam).

We have previously held that the burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Mondragon must thus establish that greater than two-thirds of prospective class members were citizens of California as of the date the case became removable, which the district court determined was January 15, 2013. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I) (two-thirds requirement); *id.* § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of the filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.").

Mondragon argues that more than two-thirds of the members of a class defined to be limited to persons who "purchased a vehicle in California for personal use to be registered in the State of California" will necessarily be California citizens. Mondragon presented no evidence to the district court to support that proposition, however, even after Capital One challenged it.

Where facts are in dispute, the statute requires district courts to make factual findings before granting a motion to remand a matter to state court.  The statute in question provides that a case shall be remanded if, among other things, greater than two-thirds of the prospective class members are citizens of the state where the action was filed. 28 U.S.C. § 1332(d)(4)(A)(i)(I). The statute does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant. *Cf. Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011) (holding that a court may look beyond the allegations of the complaint when deciding a defendant's citizenship under § 1332(d)(4)(A)(i)(II)(cc)). A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard. *See, e.g.*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A complete lack of evidence does not satisfy this standard.

Joining the other three circuits that have considered the issue, we conclude that there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673–76 (7th Cir. 2010); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798–802 (5th Cir. 2007); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165–66 (11th Cir. 2006). By failing to produce any evidence regarding citizenship in the face of Capital One's challenge to his jurisdictional allegations, Mondragon has failed to satisfy his burden of proof.

As recognized by the other circuits, a burden of proof usually requires the party bearing the burden to present evidence upon which the district court may rely to find that

the party has met its burden. Mondragon's arguments for allowing a district court to make the required factual finding where no evidence has been presented are unpersuasive. As the Seventh Circuit noted, such freewheeling discretion amounts to no more than "guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless." *Sprint*, 593 F.3d at 674. A jurisdictional finding of fact should be based on more than guesswork.

We acknowledge that our holding may result in some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face. The inference drawn by the district court in this case was understandable. It is likely that most of the prospective class members—we would guess more than two-thirds of them—were California citizens at the time the lawsuit was filed. But it is also likely that some of them were not. We imagine that some automobiles were purchased and registered in California by members of the military, by out-of-state students, by owners of second homes, by other temporary residents who maintained legal citizenship in other states, and by persons who live in California but are not U.S. citizens. That a purchaser may have a residential address in California does not mean that person is a citizen of California. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In addition, the proposed class reaches back to cover purchases made as long as four years before the filing of the complaint, which could mean five years or more prior to the date on which the case became removable, and we imagine that at least some purchasers who were California citizens at the time of purchase subsequently moved to other states, such that they were not California citizens as of January 15, 2013. There is simply no evidence in the record to support a finding

that the group of citizens outnumbers the group of non-citizens by more than two to one.

The Seventh Circuit acknowledged a similar circumstance in *Sprint*. In that case, it was probably even more likely that the proposed class consisted overwhelmingly of Kansas citizens, for the class as defined included only people who had a Kansas cell phone number, a Kansas billing address, and paid a Kansas fee. 593 F.3d at 671. Nonetheless, the court vacated a remand order and sent that case back to the district court for further proceedings because the plaintiffs had not submitted any evidence of citizenship. *Id.* at 673, 676.[4]

Similarly, in this case, we suspect that, if he decides to expend the effort, Mondragon will be able to gather and submit evidence to support his contention that more than two-thirds of prospective class members were citizens of California at the time the case became removable, thereby justifying a remand to state court and landing the case back in the same place it was before this appeal. Any such inefficiency is largely of the parties' own making, though. Mondragon could have limited the class by defining it to consist only of California citizens,[5] or he could have

---

[4] The subsequent history of the case illustrated the inefficiency of the holding. After jurisdictional discovery (including surveys of the class and expert testimony) that lasted almost one year, the district court again remanded the case to state court. *See In re Text Messaging Antitrust Litig.*, Nos. 08 C 7082, 09 C 2192, 2011 WL 305385, at *3 (N.D. Ill. Jan. 21, 2011).

[5] The Seventh Circuit suggested that the class in *Sprint* could be defined as limited to Kansas citizens. 593 F.3d at 676. Capital One argues that this alternative was available to Mondragon, accepting that it would be

proceeded in federal court once Capital One chose to remove the case. Likewise, Capital One could have allowed the case to proceed in state court initially or once the district court had entered its remand order. Instead, both parties chose to assert their rights to the utmost, and that is their prerogative.

Perhaps recognizing that Mondragon will probably be able to prove that this class action is subject to remand under the local controversy exception, Capital One argues that we should remand the case to the district court with instructions to deny the motion to remand, requiring the case to continue in federal court without giving Mondragon another opportunity to establish the facts that would require remand. Capital One contends that we should preclude Mondragon from what it calls "another bite at the apple" because of the inefficiency and delay that will result from permitting the district court to revisit the issue. But that inefficiency and delay is at least equally attributable to Capital One for insisting that Mondragon affirmatively prove with evidence a proposition that seems likely to be true. Moreover, at the time that Mondragon presented its motion to remand to the district court, there was no guidance from this court on the relevant issue, and there were district court rulings that supported Mondragon's position. We instruct the district court to allow Mondragon an opportunity, if he chooses to do so, to renew his motion to remand and to take jurisdictional discovery tailored to proving that more than two-thirds of the putative class are citizens of California.

---

appropriate to remand an action with a class so defined to state court even without additional evidence as to the citizenship of prospective class members. We agree.

As a final note, we observe that a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change. This presumption has been widely accepted, including by this circuit. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also, e.g.*, *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & nn. 32–33 (3d ed. 2013). In addition, numerous courts treat a person's residence as prima facie evidence of the person's domicile. *See, e.g.*, *Anderson*, 138 U.S. at 706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *Hollinger*, 654 F.3d at 571 ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); 13E Wright & Miller, *supra*, § 3612 & n.28 ("It is assumed . . . that a person's current residence is also his domicile . . . ."). It does not appear that this circuit has yet adopted this presumption. Because the issue is not squarely presented by this appeal, we decline to reach that issue here.

The burden of proof placed upon a plaintiff should not be exceptionally difficult to bear. We do not think, as the Seventh Circuit suggested, that evidence of residency can never establish citizenship. We agree with the observation of the Fifth Circuit that a court should consider "the entire record" to determine whether evidence of residency can properly establish citizenship. *Preston*, 485 F.3d at 800. Factual findings made by a district court after considering the entire record will be, as usual, subject to clear error review. *See, e.g.*, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (per curiam). As a

general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA, as well. And, even under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. *See, e.g.*, *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977) (per curiam).

## III.    CONCLUSION

We vacate the district court's remand order and remand the case with instructions to allow Mondragon an opportunity, if he so chooses, to renew his motion to remand and to gather evidence to prove that more than two-thirds of putative class members are citizens of California.

**VACATED and REMANDED.**