**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIFFANY BRINKLEY, on behalf of herself and others similarly situated, *Plaintiff-Appellee*, <br><br> v. <br><br> MONTEREY FINANCIAL SERVICES, INC.; MONTEREY FINANCIAL SERVICES, LLC, *Defendants-Appellants*. | No. 17-56335 <br><br> D.C. No. 3:16-cv-01103-WQH-WVG <br><br> OPINION |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Filed October 20, 2017

Before: DIANA GRIBBON MOTZ,[*] MILAN D. SMITH, JR., and JACQUELINE H. NGUYEN, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

**SUMMARY**[**]

**Class Action Fairness Act**

The panel vacated the district court's order granting plaintiff's motion to remand her putative class action to California state court, and remanded the action to the district court for further proceedings.

Plaintiff brought a putative class action in California state court alleging that Monterey Financial Services Company recorded or monitored its telephone conversations with plaintiff without giving her notice. Monterey removed the action to federal court and plaintiff moved to remand the case back to California state court pursuant to the Class Action Fairness Act's home-state controversy exception, 28 U.S.C. § 1332(d)(4)(B). Based on the statistical evidence presented, the district court found that at least two-thirds of class members were California citizens, and therefore the district court granted plaintiff's motion.

The panel held that a plaintiff could not remand an otherwise valid Class Action Fairness Act case to state court when only a portion of the class meets the two-thirds citizenship requirement. The panel determined that this was what plaintiff sought to do here—remand a class action based on evidence of only some class members' citizenship. The panel held that the size of the entire class was unknown and plaintiff failed to prove that two-thirds of class members were California citizens because there was no evidence

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

regarding the citizenship of class members who made or received a phone call from Monterey while located in, but not residing in, California or Washington.

---

**COUNSEL**

William P. Cole (argued) and Matthew R. Orr, Call & Jensen APC, Newport Beach, California, for Defendants-Appellants.

Patrick N. Keegan (argued) and James M. Treglio, Keegan & Baker LLP, Carlsbad, California; Steven A. Wickman and Christina E. Wickman, Wickman & Wickman, Escondido, California; for Plaintiff-Appellee.

---

**OPINION**

M. SMITH, Circuit Judge:

Monterey Financial Services, Inc. and Monterey Financial Services, LLC (collectively, Monterey) appeal the district court's grant of Tiffany Brinkley's (Brinkley) motion to remand this class action to California state court. We conclude that Brinkley did not meet the requirements of the Class Action Fairness Act's (CAFA) home-state controversy exception because she did not prove that two-thirds of all class members are California citizens. We therefore vacate the district court's remand order, and remand to that court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Monterey, a financial services company, allegedly recorded or monitored its telephone conversations with Brinkley without giving her notice. On October 15, 2013, Brinkley brought this action in California state court against Monterey, alleging (1) invasion of privacy in violation of California and Washington state law; (2) unlawful recording of telephone calls under California law; and (3) violation of California Business and Professions Code § 17200, *et seq.* She brought her first and third claims on behalf of a class of

> [a]ll persons who, while physically located or residing in California and Washington, made or received one or more telephone calls with [Monterey] during the four year period preceding the filing of this lawsuit (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored[.]

On May 6, 2016, Monterey removed this action to federal district court. Brinkley then moved to remand the case back to California state court pursuant to CAFA's home-state controversy exception, 28 U.S.C. § 1332(d)(4)(B). The district court delayed ruling on Brinkley's motion, and ordered jurisdictional discovery.

Following a series of discovery disputes regarding Monterey's records, the parties conducted two telephonic conferences with the assigned magistrate judge. The magistrate judge subsequently ordered Monterey to produce a list of all putative California and Washington class members. Brinkley did not appeal this order. Purportedly complying with the order, Monterey produced a list of over

152,000 persons who had recorded calls with Monterey between October 15, 2009, and May 6, 2016, and had a California or Washington mailing address.

Statistician Dr. James Lackritz, hired by Brinkley, analyzed the list produced by Monterey and segregated a random sample of individuals included in that list. Monterey challenged Dr. Lackritz's analysis because he did not limit his analysis to individuals who had telephonic contact with Monterey before the class period ended on October 15, 2013. In response, Dr. Lackritz submitted a supplemental report purporting to be limited to individuals who made or received at least one call with Monterey during the defined class period. Dr. Lackritz's report contained no evidence of individuals who were physically located in, but were not residents of, California or Washington when they made or received a phone call with Monterey.

On March 23, 2017, the district court granted Brinkley's motion to remand this case to California state court. Based on Dr. Lackritz's analysis, the district court found that at least two-thirds of class members are California citizens. Monterey timely moved for permission to appeal pursuant to 28 U.S.C. § 1453(c)(1). On September 5, 2017, we granted Monterey's request for permission to appeal.

**JURISDICTION AND STANDARD OF REVIEW**

We have jurisdiction to review a district court's remand order pursuant to 28 U.S.C. § 1453(c)(1). We review a district court's remand order *de novo*. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015). We review the "'construction, interpretation, or applicability' of CAFA *de novo*." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (quoting *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005)).

**ANALYSIS**

Congress passed CAFA with the "overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109-14, at 35 (2005). CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members. 28 U.S.C. § 1332(d)(2), (5)(B). However, CAFA also contains some exceptions which require the district court to decline to exercise jurisdiction and remand the matter to state court. *See id.* § 1332(d)(4). The party seeking remand to state court bears the burden of proving that a CAFA exception applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

Under the home-state controversy exception, a district court must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[1] 28 U.S.C. § 1332(d)(4)(B). To meet this burden, the moving party must provide "some facts in evidence from which the district court may make findings regarding class members' citizenship." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *see Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1017 (9th Cir. 2011) ("Fact-finding is 'necessitated by the existing jurisdictional statutes' on questions of citizenship . . . ." (quoting S. Rep. No. 109-14, at 44)). While this "jurisdictional finding of fact should be based on more than guesswork," a court may

---

[1] The parties do not dispute that Monterey is a citizen of California.

"make reasonable inferences from facts in evidence." *Mondragon*, 736 F.3d at 884, 886.  The district court makes these factual findings under a preponderance of the evidence standard.  *Id.* at 884.

In order to determine whether two-thirds of class members are California citizens, we must first determine the size of the class as a whole.  *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 (5th Cir. 2016) ("The class definition issue is critical to determine whether the local controversy exception applies.").  Here, Brinkley's class consists of all individuals who made or received a telephone call with Monterey "while physically located or residing in California and Washington."  By its terms, the class includes individuals who were physically located in, but were not residents of, California or Washington when they made or received a call with Monterey (the "located in" subgroup).

During jurisdictional discovery the court ordered Monterey to produce a list of putative California and Washington class members, and Brinkley requested a list of putative class members.  Monterey replied that it would "not produce documents or information in response to the request as propounded" and produced a document "which contains a list of Monterey accounts listing California and Washington street addresses with respect to which accounts telephone calls (to and/or from) were recorded between October 15, 2009 and May 6, 2016."  Brinkley relied on Dr. Lackritz's analysis of the list produced by Monterey in her attempt to prove that two-thirds of all class members are California citizens.  That list addresses only a portion of the class—those who were "residing in California and Washington" when they made or received a call with Monterey.  It does not address, or contain information about,

the size of the "located in" subgroup.  Brinkley never sought more information about the size of the class after she obtained Monterey's list, never appealed the magistrate judge's discovery order, and never argued that the list did not comply with the discovery order.  Thus, even if Monterey had information about the "located in" subgroup, Brinkley did not pursue this information during discovery.

Brinkley did not submit any evidence regarding the "located in" subgroup.  Without knowing the size of this subgroup, the size of the entire class is unknown.  That is, absent "some facts in evidence" regarding the size of the entire class, the district court cannot determine whether two-thirds of all class members are California citizens.  *See Mondragon*, 736 F.3d at 884; *see also* 28 U.S.C. § 1332(d)(4)(B) (home-state controversy exception requires two-thirds of "all proposed plaintiff classes in the aggregate" to be in-state citizens).  Brinkley therefore has not met her burden to show that the home-state controversy exception applies. *Mondragon*, 736 F.3d at 884, 886 (vacating remand order where the plaintiff "failed to satisfy his burden of proof" that two-thirds of all class members were California citizens).

Brinkley was also on notice of her class definition problem.  During the telephonic discovery conferences, Monterey informed the court and Brinkley that Brinkley's class definition was problematic because it included the "located in" subgroup, and Monterey could not identify who fell within that subgroup.  Despite Monterey's comments alerting Brinkley to this class definition issue, Brinkley did not attempt to resolve it during discovery.  Simply stated, the class definition issue is "of [Brinkley's] own making." *See id.* at 885.

Brinkley alternatively argues that her class definition problem is a red herring because Monterey fails to identify a single non-California or Washington citizen whose telephone conversation it recorded.  This argument misstates the burden of proof in CAFA exception cases.  The burden is not on Monterey to prove the inapplicability of a CAFA exception.  Rather, the burden is on Brinkley, as the party seeking remand, to prove the applicability of a CAFA exception.  *See Serrano*, 478 F.3d at 1021–22.

A plaintiff cannot remand an otherwise valid CAFA case to state court when only a portion of the class meets the two-thirds citizenship requirement.  *See* 28 U.S.C. § 1332(d)(4)(B).  This is what Brinkley seeks to do here—remand a class action based on evidence of only some class members' citizenship.[2]  The size of the entire class is unknown and Brinkley has failed to prove that two-thirds of class members are California citizens because there is no evidence regarding the citizenship of class members who made or received a phone call from Monterey while located in, but not residing in, California or Washington.  *Cf. Mondragon*, 736 F.3d at 884 ("A complete lack of evidence does not satisfy [the preponderance of the evidence] standard [for factual findings regarding CAFA jurisdiction].").

## CONCLUSION

We vacate the district court's order remanding this action to California state court, and remand this action to the district court for further proceedings.

---

[2] Because the size of the class is unknown, we need not address whether the residential and mailing addresses Brinkley submitted constitute prima facie evidence of citizenship for purposes of a CAFA exception.

Costs are to be taxed against the appellee Tiffany Brinkley.

VACATED AND REMANDED.