
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SANCHEZ, on behalf of himself and all others similarly situated, | No.    17-56089 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-02733-MMA-BGS |
| v. | |
| AMERIFLIGHT, LLC, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,** District
Judge.

Ameriflight, LLC (Ameriflight) is an interstate air cargo carrier with

operations in more than 10 states, currently organized under Nevada law, with its

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

headquarters in Texas. In 2014, David Sanchez, a California resident and former Ameriflight cargo pilot, filed a class action suit on behalf of himself and similarly situated employees who were trained or employed by Ameriflight in California since 2010. The complaint alleged that Ameriflight improperly paid wages in violation of the California Labor Code and the California Business and Professions Code. At the time Sanchez filed suit, Ameriflight was headquartered in California.

In 2016, Ameriflight removed the action, arguing that newly produced evidence revealed that the true amount in controversy exceeded $5,000,000 and that, as of the date of removal, minimal diversity was satisfied under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2)(A). Sanchez subsequently moved to remand the case. The district court granted Sanchez's motion, finding that, as of the time of filing, the parties were not diverse. We granted Ameriflight permission to appeal.

"We have jurisdiction to review a district court's remand order pursuant to 28 U.S.C. § 1453(c)(1). . . ." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted). "We review the construction, interpretation, or applicability of CAFA *de novo*." *Id.* (citation and internal quotation marks omitted).

**1.**   Where parties are not diverse at the time of filing, a post-filing change in citizenship cannot cure the original defect in diversity jurisdiction.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-74 (2004) ("To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that '[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit.'") (quoting *Conolly v. Taylor*, 27 U.S. 556, 564 (1829)).  Because CAFA is an extension of traditional diversity jurisdiction, *see, e.g.*, *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1058 (9th Cir. 2015), we apply the same rule here.  The operative complaint was filed in July, 2014.  Ameriflight does not dispute that it was not diverse from Sanchez at that time.  Ameriflight's post-filing change in citizenship did not render the parties minimally diverse under CAFA.  The district court's remand order on this basis was therefore proper.

**2.**   Ameriflight argues in the alternative that minimal diversity has been met because some members of the putative class included non-California citizens. However, Ameriflight failed to carry its burden of establishing minimal diversity with at least one putative class member.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  None of the declarations relied on by Ameriflight

identify any specific putative class member that was diverse from Amerliflight as of the date the suit was commenced. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (noting that a "defendant cannot establish removal jurisdiction by mere speculation and conjecture").

**3.** Finally, even if Ameriflight could satisfy the minimal diversity requirement, the amount in controversy requirement remained unmet. Ameriflight's reliance on an off-hand remark by counsel of estimated damages, later retracted and on calculations based on unsupported assumptions, was not sufficient evidence establishing the amount in controversy. *See Ibarra*, 775 F.3d at 1197.

**AFFIRMED**.

***Sanchez v. Ameriflight, LLC*, Case No. 17-56089**
**Friedman, District Judge, concurring in part and dissenting in part:**

I concur with my colleagues that the time-of-filing rule applies under the Class Action Fairness Act (CAFA) and, as a result, Ameriflight's post-filing change in citizenship did not render it diverse from the named plaintiff. I respectfully dissent, however, from the conclusion that Ameriflight has clearly failed to meet its burden to prove CAFA jurisdiction by a preponderance of the evidence. In my view, we should remand the case to the district court to consider that question of fact in the first instance.

The district court determined that Ameriflight had not alleged minimal diversity with the putative class as a basis for removal until it filed its opposition to plaintiffs' motion to remand on December 30, 2016. As a result, the court found this argument to be an untimely amendment to Ameriflight's notice of removal, filed November 3, 2016. *See* 28 U.S.C. § 1446(b); *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000). But Ameriflight did raise the issue of minimal diversity with the putative class in a timely fashion, stating in its notice of removal that "[t]his Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member (if not all) of the putative class of

1

plaintiffs is a citizen of a state different from Ameriflight." The district court therefore erred in rejecting as untimely Ameriflight's argument that minimal diversity existed with the putative class. *See Cohn v. Petsmart*, 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317, 318 (9th Cir. 1969).

The majority avoids reversing the district court on this ground by addressing the merits, holding that Ameriflight failed to meet its burden in establishing minimal diversity with the putative class. I cannot agree. Because of its erroneous determination that Ameriflight's arguments were untimely, the district court only briefly addressed the merits. And in doing so, the court cited to only one of the three declarations proffered by Ameriflight — that of James Brady, a former Ameriflight employee who was not a member of the putative class. The district court failed to discuss, or even mention, the declarations of Brian Randow, President and CEO of Ameriflight, or Phillip Humphries, Vice President of Human Resources for Ameriflight, although they both suggested that a significant percentage of putative class members were diverse from Ameriflight. Unlike my colleagues, I therefore cannot conclusively say that Ameriflight failed to prove minimal diversity between it and any member of the putative class by a preponderance of the evidence. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707

2

F.3d 1136, 1141 (9th Cir. 2013); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). I would remand in order to allow the district court an opportunity to more fully assess this question of fact now prematurely resolved by the majority.

Similarly, I would remand as to the amount in controversy in order to allow the district court to resolve this question of fact in the first instance. I agree that Ameriflight's reliance on an off-hand remark by counsel of estimated damages, later retracted, is likely insufficient to establish the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Because the district court granted plaintiffs' motion to remand on the basis of diversity alone, however, this Court should follow its prior precedents and remand the case so that the district court may have the first opportunity to assess the amount in controversy should it determine CAFA's minimal diversity requirement has been met. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197, 1199 (9th Cir. 2015).

Accordingly, I concur in part and dissent in part.