**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CELENA KING,

Plaintiff-Appellee,

v.

GREAT AMERICAN CHICKEN CORP,
INC., DBA Kentucky Fried Chicken,

Defendant-Appellant.

No. 18-55911

D.C. No.
2:17-cv-04510-GW-AS

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 10, 2018
Pasadena, California

Before: Richard R. Clifton and Morgan B. Christen, Circuit Judges, and Cynthia
M. Rufe,* District Judge.

Opinion by Judge Clifton

CLIFTON, Circuit Judge:

---

     *     The Honorable Cynthia M. Rufe, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

Great American Chicken Corp, Inc. ("GAC"), which does business in California as Kentucky Fried Chicken, appeals the district court's remand of plaintiff Celena King's putative class action to Los Angeles Superior Court. The action was originally filed in that court and removed to federal court by GAC under the Class Action Fairness Act ("CAFA"). It is undisputed that removal under CAFA was proper here, but King sought remand to state court based on the local controversy or home-state controversy exception to CAFA jurisdiction. The question presented in this appeal is whether the district court correctly found that King met her burden of proving a factual requirement for remand under these exceptions, specifically that greater than two-thirds of the putative class members were California citizens at the time the case was removed to federal court.

After GAC removed the case to federal court, King sought discovery from GAC relevant to that factual question. GAC resisted King's discovery requests. In lieu of providing responses to the requests, GAC proposed a stipulation that at least two-thirds (sometimes expressed as at least 67 percent) of the putative class members under the definition proposed by King—current and former GAC employees—had last-known addresses in California. King declined GAC's proposal, but the district court held that the stipulation resolved the discovery dispute and ordered that it be accepted. Subsequently, based on the stipulation and

other inferences, the district court granted King's motion to remand, finding King had made the necessary factual showing.

King had the burden to prove that "greater than two-thirds" of the putative class members were "citizens" of California. *See* 28 U.S.C. § 1332(d)(4). The stipulation left very little cushion, if any, to account for former employees who were not domiciled in California at the time this case was removed to federal court, because, for example, they had moved to another state. Similarly, there was little margin to cover employees who may have had last-known addresses in California but who did not qualify as citizens of California because they were not citizens of the United States. There was no evidentiary basis for the district court to find that subtracting those groups would not reduce the fraction of class members that were California citizens at the time of removal to a level less than the required "greater than two-thirds." Because there was no other evidence before the district court on that subject, the finding that more than two-thirds of the putative class members were citizens of California at the time of removal was clearly erroneous. The order of remand to state court must be vacated, and this case must be remanded to federal district court for further proceedings. In district court, however, King should be permitted to conduct jurisdictional discovery in this matter and to renew her motion to remand.

## I. Background

King filed a putative class action complaint on behalf of all non-exempt California GAC employees in the Los Angeles Superior Court on January 10, 2017. The complaint alleged various violations of California wage-and-hour laws. A first amended complaint was filed on February 21, 2017. It defined the putative class as "all current and former non-exempt employees of DEFENDANTS[1] in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." The district court later noted that the putative class may include as many as 6,000 employees.

GAC removed the case to the United States District Court for the Central District of California on June 19, 2017, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1446(b). As will be explained in greater detail below, CAFA provides that some class actions removed to federal court may be subject to remand to state court if plaintiffs can make specified showings that the cases involve local controversies and are not interstate disputes that qualify for adjudication in federal court. After

---

[1] The plural "defendants" may be explained by the fact that the complaints filed by King in state court named as defendants unidentified "Does," in addition to GAC. GAC was the only identified defendant, so we will continue to refer to it by itself.

removal, King sought jurisdictional discovery in the form of names, last-known addresses, telephone numbers, and email addresses for all putative class members, as well as information regarding the percentage of the putative class members whose last-known address was in California.

GAC failed to provide the information sought by the discovery requests. It argued, among other things, that the precise requests posed by King would not satisfy her burden to prove the requirements for remand. As an alternative, GAC offered to stipulate that at least two-thirds of the putative class members had last-known addresses in California, though GAC also argued that this would not be enough for King to meet her burden. King declined GAC's offer.

The precise term of the stipulation was not entirely clear. No formal stipulation was filed with the court. It arose during the court's resolution of the discovery dispute. GAC described it to the district court as a stipulation "that at least two-thirds (at least 67%) of the putative class are shown with addresses in California." King characterized it as a stipulation "that two-thirds of the putative class members had a last-known residential address in California."

At a scheduling conference on November 30, 2017, the discovery dispute was raised with the district court. The court concluded that the stipulation was sufficient to satisfy King's requests and declined to order GAC to provide

5

additional discovery.  The district court's minute order following the conference stated that, "[i]n lieu of the requests for discovery, the Court finds [GAC's] stipulation is sufficient in that *at least* 67% of the last-known addresses are in California." (Emphasis in original.)

King moved to remand the case to state court.  GAC argued that the motion to remand should be denied because King had not established that over two-thirds of the putative class members were California citizens.  After a hearing, the district court granted the motion to remand on January 30, 2018.  In that order, the court relied upon the stipulation "that at least two-thirds of the putative class members had last-known addresses in California."

GAC petitioned for permission to appeal, and we granted that petition on July 9, 2018.  This appeal followed.

## II.    Discussion

Under CAFA, federal courts have original diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5,000,000, where the putative class size exceeds 100 persons, and where, among other possibilities, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).  In its notice of removal, GAC noted that this action satisfied these requirements.  Regarding the last element, that at least

one member of the putative class was a citizen of a state other than California, GAC specifically identified one class member who was a citizen of Texas at the time of removal. King has not disputed that these requirements were met in this case.

The statute includes a number of exceptions that require a federal district court to decline jurisdiction even if the above requirements were met. They include what are commonly referred to as the local controversy exception, *see* 28 U.S.C. § 1332(d)(4)(A); *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 881 (9th Cir. 2013), and the home-state controversy exception, *see* 28 U.S.C. § 1332(d)(4)(B); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th

Cir. 2007).[2] These exceptions require the party seeking remand to state court to

prove, among other things, that greater than two-thirds of proposed class members

---

[2] In its entirety, the relevant subsection of CAFA, 28 U.S.C. § 1332(d)(4), provides:

> A district court shall decline to exercise jurisdiction under paragraph (2)--
>> (A)(i) over a class action in which--
>>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>> (II) at least 1 defendant is a defendant--
>>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>> (cc) who is a citizen of the Sate in which the action was originally filed; and
>>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

"are citizens of the State in which the action was originally filed." 28 U.S.C. §§ 1332(d)(4)(A), (B).

The only issue on appeal is whether King met her burden to establish that greater than two-thirds of the putative class members were California citizens as of the date the case became removable. *See* 28 U.S.C. § 1332(d)(7). CAFA was intended to strongly favor federal jurisdiction over interstate class actions. *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017). The burden of establishing that a CAFA exception applies is on King, as the party seeking to remand. *Id.* The individual factors of a party's citizenship are "essentially factual." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). King must establish the required facts by a preponderance of evidence. *Mondragon*, 736 F.3d at 884.

A.    *Our opinion in* Mondragon

In *Mondragon* we vacated an order of remand based on the local controversy exception in a putative class action because the plaintiff "submitted no evidence regarding the disputed issue, the citizenship of prospective class members." *Id.* at 881. We concluded that the plaintiff, Jose Mondragon, "did not present any evidence of the citizenship of the putative class members" in his motion to remand, but "[i]nstead, he sought to rely entirely on his proposed class definitions, arguing

that the court should infer from those definitions that more than two-thirds of the class members were citizens of California." *Id.* at 882. Mondragon, like the plaintiff here, had the burden to "establish that greater than two-thirds of prospective class members were citizens of California as of the date the case became removable." *Id.* at 883. Our court joined the Fifth, Seventh, and Eleventh Circuits in concluding that a district court must base its findings about class members' citizenship on "at least some facts in evidence" for the local controversy exception to apply. *Id.* at 884. Mondragon failed "to produce any evidence regarding citizenship in the face of [the defendant's] challenge to his jurisdictional allegations" and therefore did not meet his burden. *Id.*

We were careful to point out that "the burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *Id.* at 886. Instead, a district "court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship." *Id.* (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 800 (5th Cir. 2007)). We noted, moreover, that "[a]s a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA, as well." *Id.*

B.      *Evidence of citizenship in this case*

10

In the current case, the district court relied in its order of remand upon the stipulation that "at least two-thirds of the putative class members had last-known addresses in California." Elsewhere, as previously noted, the district court described the stipulation as being that "at least 67% of the last known addresses [of the putative class members] are in California." Those two fractions are not exactly the same, of course, because two-thirds actually translates into 66 & 2/3 percent, not 67 percent.

To qualify for remand under the local controversy exception in CAFA, King had to establish that "greater than two-thirds" of the class members were citizens of California. On its face, a stipulation that spoke to "at least two-thirds" of the class members would be insufficient, because "at least" is not the same as "greater."

The alternative understanding of the stipulation, "at least 67 percent," would produce a figure "greater than two-thirds," but by an extremely narrow margin. If we assume for the moment that the class included 6,000 members, as the district court estimated it might, two-thirds would be 4,000, while 67 percent would be 4,020. "Greater than two-thirds" would mean at least 4,001, so "at least 67 percent," or 4,020, would leave a cushion of only 19 class members.

11

While King's burden of proof should not be "exceptionally difficult to bear," *Mondragon*, 736 F.3d at 886, she did not meet it here. In addition to the former employee identified by GAC in its notice of removal who had become a citizen of Texas, GAC provided evidence that at least one other employee permanently moved to Arizona. It seems likely that at least some others in the group would have moved out of California as well. Given the class definition, many of the addresses were at least four years old, and there was evidence that GAC's records included last-known addresses that were even older. Moreover, it is not implausible that at least a few GAC employees were citizens of other states even if they temporarily had a residential address in California, such as an out-of-state student working while attending college in California. A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In addition, it is very likely that some putative class members were not United States citizens. CAFA expresses the requirement for remand that at least two-thirds of the proposed class members be "citizens of the State," in this case California. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter*, 265 F.3d at 857. It cannot be assumed that all residents of

12

California are citizens of the United States. There is no evidence in the record regarding what proportion of California residents are not citizens, let alone what proportion of GAC employees, but it is not obvious that the number would be fewer than one-third of 1 percent, or fewer than 19 out of 6,000.

In sum, given the narrow cushion provided by the stipulation, the likelihood that some putative class members were legally domiciled in or subsequently relocated to another state, and the probability that some class members were not United States citizens, we cannot conclude that there was sufficient evidence to support a finding that greater than two-thirds of the putative class members were California citizens. The order of remand to Los Angeles Superior Court must be vacated.

We appreciate why the district court drew the inference that it did, and why it hoped to avoid discovery that could be burdensome and contentious. The impression that this case would qualify for the local or home-state controversy exception is easy to understand. It seems unlikely that allowing this case to proceed in state court would defeat "CAFA's primary objective: ensuring Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (internal quotation marks omitted). GAC has affirmatively acknowledged that it is incorporated in the state of

California and, in its own words, has its "principal (indeed, exclusive) place of business" there. King's claim is based entirely on California law. Although the stipulation GAC offered and that the district court adopted spoke to only "at least two-thirds" of the employees having California addresses, it is hard to imagine that the proportion would not be substantially larger than that. King speculated that it would exceed 90 percent. The geography of California, notably the substantial distances between California's major population centers and other states, make it unlikely that many of GAC's employees traveled from residences outside of California. Jobs at fast food restaurants are not likely to attract employees commuting great distances. Though some employees might have maintained legal domiciles in other states, that number was probably not great.

The problem is that this impression rests on guesswork. *See Mondragon*, 736 F.3d at 884 ("A jurisdictional finding of fact should be based on more than guesswork."). There was no evidence to support a factual finding that the proportion of California citizens was greater than two-thirds. With the likelihood that some number of the employees were not legally domiciled in California, that others may later have moved out of state, and that some were not citizens, the stipulation was insufficient, and there was no other evidence to fill the gap.

14

In *Mondragon* we suspected that the plaintiff in that case could, if he decided to expend the effort, come up with sufficient evidence to establish that two-thirds of prospective class members were citizens of California. *Id.* at 885. The same is true in this case.

The ultimate outcome here does not mean that a stipulation could never establish state citizenship for purposes of the local or home-state controversy exceptions to CAFA jurisdiction. Nor does it mean that a similar stipulation would be insufficient if it provided a more substantial cushion and was bolstered by evidence that the number of class members who were not domiciled in California or might not qualify as citizens are likely covered by the cushion. We have previously noted that "[w]e do not think . . . that evidence of residency can never establish citizenship." *Id.* at 886. There simply needs to be sufficient evidence to support a factual finding by a preponderance of evidence that greater than two-thirds were California citizens at the time of removal.

Though we have concluded that King did not prove by a preponderance of the evidence that greater than two-thirds of the putative class members were California citizens, it is clear from the record that King did not have a full opportunity to do so. GAC resisted King's requests for jurisdictional discovery. The district court accepted GAC's stipulation instead of permitting King to pursue

that discovery. In its order, the district court expressed support for allowing King additional jurisdictional discovery, if necessary. In *Mondragon*, we vacated the district court's order and remanded "with instructions to allow Mondragon an opportunity, if he so chooses, to renew his motion to remand and to gather evidence to prove that more than two-thirds of putative class members are citizens of California." *Id.* We do the same here. If GAC complains that the burden placed on it is too onerous, it is free to propose a stipulation that would better address King's burden.

## III. Conclusion

The district court's finding that King proved by a preponderance of the evidence that greater than two-thirds of the putative class members were California citizens was not supported by sufficient evidence. The order of remand must be vacated. On remand to the district court, however, King should be given an opportunity to seek additional jurisdictional discovery and to renew her motion to remand.

**VACATED and REMANDED for further proceedings.**