NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURORA ROSARIO, individually and on behalf of all others similarly situated and on behalf of the general public, | No. 24-6673 |
| | D.C. No. 2:21-cv-07221-JAK-PD |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM* |
| PIH HEALTH, INC., | |
| Defendant - Appellee, | |
| v. | |
| FERDINAND RIVERA, | |
| Movant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted February 4, 2026
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Aurora Rosario appeals the district court's dismissal of her putative class action pursuant to the discretionary home state exception to subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3).  We review for abuse of discretion the district court's decision to decline to exercise jurisdiction, Adams v. W. Marine Prods., Inc., 958 F.3d 1216, 1220 (9th Cir. 2020), we review for clear error the district court's factual findings, id. at 1219, and we review de novo the interpretation of CAFA, Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017).  We affirm.

Section 1332(d)(3) provides that "[a] district court may . . . decline to exercise jurisdiction" over a class action that otherwise falls within CAFA's grant of subject matter jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(3).  Plaintiff argues that the district court erred by relying on class members' addresses as evidence of California citizenship and by considering the proportion of in-state citizens with reference to the proposed settlement class, rather than the larger classes defined in the complaint.[1]

---

[1] Plaintiff also argues that the district court erred by dismissing the case without ordering her to brief the issue of CAFA's discretionary home state exception.  We disagree.  Plaintiff had ample notice that this exception was at issue, and the district court did not prevent her from briefing the issue.

On the first issue, we have held that addresses provide some evidence of domicile, even though they are not a direct proxy. Adams, 958 F.3d at 1221, 1223. Here, it is particularly appropriate to consider addresses because Defendant PIH Health is a regional healthcare network; it is reasonable to infer that most people who seek medical care from a regional entity are domiciled nearby. Addresses also may suffice as evidence of United States citizenship, if paired with evidence that the number of in-state addresses likely provides a sufficient cushion above the statutory threshold to account for noncitizens. See King v. Great Am. Chicken Corp., 903 F.3d 875, 876, 879–80 (9th Cir. 2018) (noting that addresses may suffice if they provide a "substantial cushion and [are] bolstered by evidence that the number of class members who were not domiciled in California or might not qualify as [United States] citizens are likely covered by the cushion").

On the second issue, we assume without deciding that the district court should have used the number of people in the classes defined by the complaint (about 200,000) rather than the settlement class (about 165,000). The district court found that "99.58% of the [settlement class] have a last known mailing address in California." That finding is not clearly erroneous. Applying the resulting figure (about 164,000 California addresses) to the total number of class members identified in the original complaint means that at least two-thirds of the larger pool of class members had last known addresses in California. As in Adams, "given the

substantial cushion afforded by the percentage of class members with last known California addresses, as compared to the percentage of class member citizens required for a discretionary remand," 958 F.3d at 1223, there was sufficient evidence to support the district court's application of the discretionary home state exception. Nor did the district court abuse its discretion in applying the factors in 28 U.S.C. § 1332(d)(3)(A)–(F).

**AFFIRMED.**