OPINION
PER CURIAM:
Defendant-Appellant Vital Pharmaceuticals, Inc. appeals the district court’s sua sponte order remanding this putative class action to state court for failure to establish the Class Action Fairness Act’s (CAFA) requirement that at least $5 million is in controversy. We hold that we have appellate jurisdiction under 28 U.S.C. § 1453(c)(1) to consider the district court’s sua sponte remand order, reverse the order remanding this case to state court, and remand to the district court with instructions to exercise jurisdiction over the case.
I.
Plaintiff Gabe Watkins filed this class action in the California Superior Court, County of Los Angeles, alleging that defendant Vital Pharmaceuticals, Inc. distributed ZERO IMPACT protein bars that were erroneously marketed and labeled as having little to no impact on blood sugar. Watkins asserts claims under California law on behalf of a nationwide class of “thousands of consumers throughout the United States.” The complaint states that “the aggregate damages sustained by the Class are likely in the millions of dollars” and seeks damages, restitution, disgorgement and attorney’s fees and costs.
Vital timely removed this action to federal court under CAFA, 28 U.S.C. § 1332(d)(2). As evidentiary support for its assertion that CAFA’s $5 million amount in controversy requirement is met, Vital filed two declarations. First, Vital submitted a declaration by trial counsel David J. Vendler that states:
Plaintiffs Complaint alleges that the likely aggregate damages are in the “millions.” (Complaint ¶ 15.) Plaintiff seeks restitution, disgorgement of profits, and attorneys’ fees, based upon sales of the ZERO IMPACT® Protein Bars to “thousands” of consumers throughout the United States. Plaintiff also seeks attorneys’ fees in addition to damages. There is thus a legal certainty that the amount in controversy in this matter consists of an aggregate in excess of $5 million.
Second, Vital submitted a declaration by Richard Cimino that states: “Nation-wide sales of the ZERO IMPACT® bars for the last four years exceed $5,000,000.
The district court sua sponte remanded the action to the state superior court. In its remand order, the district court concluded that Vital did not meet its burden of proving by a preponderance of the evidence that CAFA’s amount in controversy requirement was met because Vital merely “aver[red in its Notice of Removal] that total sales of the Subject Bars in the last four years exceeded $5 million,” and because Vendler’s affidavit vaguely and con-clusorily alleged that the amount in controversy is met. Although the district court’s order expressly referred to the Vendler declaration, it made no mention of the Cimino declaration.
II.
As a threshold matter, we first address whether CAFA permits an appeal from a district court’s sua sponte remand *1181 order. District court remand orders generally are not reviewable on appeal. See 28 U.S.C. § 1447(d). CAFA creates an exception to this general rule, and provides that “notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.” 28 U.S.C. § 1453(c)(1). Although we have previously exercised jurisdiction over sua sponte orders remanding cases that were removed under CAFA, see, e.g., Abrego Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir.2006), we have never expressly addressed the jurisdictional question of whether § 1453(c)(1) applies not just to district court remand orders that are granted or denied in response to a “motion to remand,” but also to remand orders issued sua sponte.
We do not read § 1453(c)(l)’s authorization of an appeal as limited only to district court orders made in response to a party’s “motion.”[1] Sua sponte orders are, literally, orders issued when the court acts “on its own motion.” See Black’s Law Dictionary 1560 (9th ed.2009). Moreover, it is well established that district courts may address questions of subject matter jurisdiction sua sponte. See Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1133 (9th Cir.2010). If CAFA permitted review of remand orders issued only in response to a party’s motion to remand, district court orders remanding class actions sua sponte would be insulated from appellate review. Such a result would be inconsistent with CAFA’s clearly expressed intention that class actions are exempt from the general jurisdictional rule that district court remand orders are not reviewable on appeal.
III.
On the merits, Vital argues that the Cimino declaration was sufficient to establish that CAFA’s amount in controversy requirement is met. We review de novo the construction and applicability of CAFA. See United Steel v. Shell Oil Co., 602 F.3d 1087, 1090 (9th Cir.2010). As with all diversity cases — of which CAFA cases are a species, see 28 U.S.C. § 1332(d) — we review for clear error any factual determinations necessary to establish jurisdiction. See Co-Efficient Energy Sys. v. CSL Indus., Inc., 812 F.2d 556, 557 (9th Cir.1987). Therefore, we review de novo the district court’s ultimate legal conclusion that the underlying factual allegations are insufficient to establish CAFA jurisdiction, and we review for clear error the district court’s determination that Vital did not meet its burden of proving by a preponderance of the evidence that the amount in controversy here exceeds $5 million.
We agree with Vital that the undisputed Cimino declaration was sufficient to establish that CAFA’s $5 million amount in controversy requirement is met in this case.[2] In its order remanding the action, the district court noted that “Defendant [had] aver[red] that total sales of the Subject Bars in the last four years exceeded $5 million.” The court cited to the specific paragraph in the Notice of Removal that discussed the Cimino declaration’s statement that total sales exceeded $5 million. *1182 Accordingly, we reverse the order remanding this case to state court and remand to the district court with instructions to exercise jurisdiction over the case.
REVERSED AND REMANDED.[3]

. We have jurisdiction to determine our own jurisdiction. See United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

. Not only was the Cimino declaration undisputed in the district court, but in this court Watkins filed a document stating that he takes no position on the appeal and declines to file a brief.

. There being no objection, Vital’s Request for Judicial Notice is GRANTED.