**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRIS KENNY, on behalf of himself and all others similarly situated, *Plaintiff-Appellee*, v. WAL-MART STORES, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation, *Defendants-Appellants.* | No. 17-56809 D.C. No. 5:17-cv-00967-R-KK OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 9, 2018
Pasadena, California

Filed February 1, 2018

Before:  MILAN D. SMITH, JR. and MICHELLE T.
FRIEDLAND, Circuit Judges, and JED S. RAKOFF,[*]
District Judge.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[**]

### Remand / Removal

The panel vacated the district court's order remanding a putative class action to California state court because the district court exceeded its statutory authority in remanding *sua sponte* based on a non-jurisdictional defect, and because Wal-Mart  did not waive its right to remove the action to federal court; and remanded to the district court for further proceedings.

Plaintiff filed the putative class action in California state court, challenging Wal-Mart's policy requiring employees who have suffered workplace-related injuries to submit to drug and/or urine testing. Wal-Mart removed the case to federal court based on jurisdiction under the Class Action Fairness Act ("CAFA").  The district court *sua sponte* remanded the action to state court, concluding that Wal-Mart had waived its right to remove the case by filing a demurrer

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

in response to plaintiff's First Amended Complaint ("FAC") in state court.

The panel held that the district court lacked authority under 28 U.S.C. § 1447(c) to remand *sua sponte* based on a non-jurisdictional defect.

The panel noted that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). The panel held that the district court erred in concluding that Wal-Mart waived its right to remove the case when the FAC did not reveal a basis for removal pursuant to CAFA. The panel also held that Wal-Mart's choice to file a demurrer, rather than another form of responsive pleading, to plaintiff's indeterminate FAC did not amount to a waiver of its right to remove. The panel further held that where Wal-Mart removed the case before plaintiff opposed the demurrer and before any hearing was held, clearly Wal-Mart did not manifest an intent to litigate in state court.

## COUNSEL

Mark D. Kemple (argued) and Ashley Farrell-Picket, Greenberg Traurig LLP, Los Angeles, California, for Defendants-Appellants.

David M. deRubertis (argued) and Jeff D. Neiderman, The deRubertis Law Firm APC, Studio City, California; Ellen R. Serbin, Todd H. Harrison, and Brennan S. Kahn, Perona Langer Beck Serbin Mendoza & Harrison APC, Long Beach, California; for Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, Wal-Mart) appeal from the district court's order remanding Plaintiff Kris Kenny's (Kenny) putative class action to California state court. In a four-sentence minute order, the district court remanded the case *sua sponte*, stating summarily that Wal-Mart waived its right to remove by filing a demurrer in state court prior to removal.

We disagree, and hold that the district court erred on two grounds. First, the district court exceeded its statutory authority in remanding *sua sponte* based on a non-jurisdictional defect. Second, Wal-Mart did not waive its right to remove by filing a demurrer in state court, when its right to remove pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), was not ascertainable from Kenny's pleading. We therefore vacate the district court's remand order, and remand to that court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2017, Plaintiff Kris Kenny filed a putative class action Complaint against Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and U.S. Healthworks Medical Group,[1] in California state court, challenging Wal-Mart's policy requiring employees who have suffered workplace-related injuries to submit to drug and/or urine testing. Kenny did not serve the Complaint on any of the Defendants.

On February 17, 2017, Kenny filed a First Amended Complaint (FAC), and served the FAC on Wal-Mart. Generally, a defendant in a California state court must respond to the complaint within thirty days after service, or risk default. *See* Cal. Civ. Proc. Code § 471.5. Wal-Mart obtained a fifteen-day extension to respond to the FAC, resulting in a deadline of April 4, 2017.

On April 4, 2017, Wal-Mart filed a demurrer and a motion to strike the FAC. Wal-Mart set the hearing on the demurrer for June 15, 2017. Kenny's deadline to oppose the demurrer was June 2, 2017, nine court days before the hearing. *See id.* § 1005(b).

On May 17, 2017, nearly a month before the hearing, Wal-Mart removed the case to federal court, asserting that the district court had jurisdiction over the case pursuant to CAFA. At the time of removal, Kenny had not yet opposed

---

[1] U.S. Healthworks Medical Group (U.S. Healthworks) is not a party to this appeal. U.S. Healthworks is alleged to have performed the drug and urine tests at issue in the lawsuit.

the demurrer, discovery had not begun, and the state court had issued no rulings.

On June 8, 2017, the district court, acting *sua sponte*, issued a four-sentence minute order remanding the action to state court. The district court concluded, without explanation, that Wal-Mart had waived its right to remove the case by filing a demurrer in response to Kenny's FAC in state court.

Wal-Mart timely petitioned this court for permission to appeal the district court's remand order. We granted the petition on December 4, 2017.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review the district court's *sua sponte* remand order pursuant to 28 U.S.C. § 1453(c)(1). *See Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1180–81 (9th Cir. 2013) (per curiam). We review the district court's remand order *de novo*. *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017).

## ANALYSIS

### I.  The District Court Erred in Remanding Sua Sponte Based on a Non-Jurisdictional Defect.

A district court lacks authority under 28 U.S.C. § 1447(c) to remand *sua sponte* based on a non-jurisdictional defect.[2] *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1030

---

[2] Section 1447(c) provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be

(9th Cir. 2017); *see Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014). Whereas a "district court must remand 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction,'" it "may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand." *Smith*, 761 F.3d at 1044 (alteration omitted) (quoting 28 U.S.C. § 1447(c)). In essence, subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*.

Here, the district court erred by remanding *sua sponte* on a non-jurisdictional ground. Neither the district court nor Kenny questioned the court's subject matter jurisdiction under CAFA.[3] Instead, the district court stated, without explanation, that Wal-Mart waived its right to remove by filing a demurrer to Kenny's FAC in state court. Plainly, waiver, a common-law doctrine, does not implicate the court's original jurisdiction over the action. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th

---

> made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The first sentence of § 1447(c) 'consigns procedural formalities to the care of the parties,'" while "[t]he second sentence 'assigns to the court concern for its jurisdictional prerequisites.'" *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028 (9th Cir. 2017) (quoting *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Whereas the former may be waived, the latter may not. *See id.* at 1028–29.

[3] Nor is there any indication at this juncture that subject matter jurisdiction is lacking. Wal-Mart's notice of removal alleges compliance with the requisite elements for CAFA jurisdiction.

Cir. 2017); *cf. Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir. 1994) ("[T]he jurisdiction exercised by the district court on removal is 'original' jurisdiction, without regard to the status of the proceedings in state court prior to removal.").**[4]** Thus, the district court exceeded its statutory authority in remanding *sua sponte* on a non-jurisdictional ground, and its order warrants reversal for this reason alone.

## II. The District Court Erred in Concluding that Wal-Mart Waived its Right to Remove the Action.

We have observed that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr.*, 43 F.3d at 1240. Such a waiver "must be clear and unequivocal," however. *Id.* (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). For example, when "a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove." *Id.* Generally speaking, "the right of removal is not lost by action in the state court short of proceeding to an

---

**[4]** Kenny's reliance on *Soto Enterprises* is misplaced. The district court's authority to remand *sua sponte* was not at issue in *Soto Enterprises*. *See* 864 F.3d at 1091 (noting that the plaintiff filed a motion to remand). Furthermore, *Soto Enterprises* does not conclude that waiver is a jurisdictional defect—indeed, it concludes to the contrary. *See id.* at 1092–94.

adjudication on the merits." *Id.* (quoting *Beighley*, 868 F.2d at 782).

The district court erred in concluding that Wal-Mart waived its right to remove this case when the FAC did not reveal a basis for removal pursuant to CAFA. It is undisputed that the FAC is indeterminate as to the amount in controversy.**[5]** Thus, Wal-Mart could not have waived its right to remove by taking actions in state court "*after* it [was] apparent that the case [was] removable," *id.* (emphasis added), when its right to remove was not apparent from the FAC.

A finding of waiver on the facts of this case would run contrary to our case law on removal. We have made clear that we will not "charge defendants with notice of removability until [they have] received a paper that gives them enough information to remove." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam) (quoting 28 U.S.C. § 1446(b)(3)).

---

**[5]** "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Kenny did not specify an amount in controversy in the FAC.

We have also emphasized that "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.*

These general removal principles apply equally in the context of removals premised upon CAFA. *See, e.g.*, *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1180 (9th Cir. 2015) (holding that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA, even if an earlier pleading, document, motion, order, or other paper revealed an alternative basis for federal jurisdiction"). In line with these principles, we held in *Roth* that "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under [28 U.S.C.] § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable" pursuant to CAFA. 720 F.3d at 1123. In short, "[a] CAFA case may be removed at any time, provided that neither of the two thirty-day periods under [28 U.S.C.] § 1446(b)(1) and (b)(3) has been triggered." *Id.* at 1126 (citing 28 U.S.C. § 1453(b)).

Here, nothing on the face of the FAC put Wal-Mart on notice of the case's removability, and Kenny has not pointed to any other paper that would have done so. Under these circumstances, Wal-Mart could not have "clear[ly] and unequivocal[ly]" waived its right to remove by responding

to the FAC. *Resolution Tr.*, 43 F.3d at 1240 (quoting *Beighley*, 868 F.2d at 782).**[6]**

Two additional points lend further support for our conclusion. First, Wal-Mart filed a demurrer on the last day to respond to Kenny's FAC. *See* Cal. Civ. Proc. Code § 471.5. While Kenny faults Wal-Mart for filing a response addressing the merits of the FAC, Kenny cannot dispute the fact that Wal-Mart had to respond in some manner to the FAC, or risk entry of a default judgment. *See id.* Wal-Mart's choice to file a demurrer, rather than another form of responsive pleading, to Kenny's indeterminate FAC did not amount to a waiver of its right to remove.

Second, Wal-Mart removed the case before Kenny opposed Wal-Mart's demurrer, and before any hearing was held, let alone any ruling issued. Clearly, Wal-Mart did not "manifest an intent to litigate in state court," much less an intent to affirmatively "abandon [its] right to a federal forum." *Resolution Tr.*, 43 F.3d at 1240.

For the foregoing reasons, we hold that the district court erred in concluding that Wal-Mart waived its right to remove.

---

**[6]** We need not decide whether "abusive gamesmanship" by a defendant, *Roth*, 720 F.3d at 1126, may result in waiver of the right to remove. This case does not present such a scenario. There is no indication, for example, that Wal-Mart failed to "promptly investigate[] to determine whether the case was removable," or "promptly file[] a notice of removal" upon learning, from its own investigation, that the case was removable. *Id.*

## CONCLUSION

We vacate the district court's order remanding this action to California state court, and remand this action to the district court for further proceedings.

Appellee shall bear the costs on appeal.

VACATED AND REMANDED.