**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL CANTARO CASTILLO, | No.    18-15398 |
| Plaintiff-Appellant, | D.C. No.<br>3:16-cv-00237-RCJ-VPC |
| v. | |
| WESTERN RANGE ASSOCIATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted May 13, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, IKUTA, Circuit Judge, and MOLLOY,[**] District Judge.

Appellant Abel Cantáro Castillo, a nonimmigrant guestworker shepherd

employed by Appellee Western Range Association (WRA) through the H-2A visa

program, appeals the dismissal of his claims for lack of federal question

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

jurisdiction, and for failure to satisfy the jurisdictional requirements of the Class

Action Fairness Act (CAFA). Because the parties are familiar with the facts and

the procedural history, we need not recount those here. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we reverse.[1]

"[W]e review de novo the district court's ultimate legal conclusion that the

underlying factual allegations are insufficient to establish CAFA jurisdiction[.]"

*Watkins v. Vital Pharms., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013). "[W]e review

for clear error any factual determinations necessary to establish jurisdiction." *Id*.

The district court's application of state law, here application of the appropriate

statute of limitations, is reviewed de novo. *In re Hawaii Fed. Asbestos Cases*, 871

F.2d 891, 893 (9th Cir. 1989).

I

The district court erred in applying a two-year statute of limitations to

Cantáro's breach of contract claims. Nevada law provides that the applicable

statute of limitations is six years on breach of contract actions "founded upon an

instrument in writing." Nev. Rev. Stat. § 11.190(1)(b). We have previously noted

the applicability of Nevada's six-year statute of limitations to H-2A farmworkers'

---

[1] WRA's motion to file further excerpts of record (Doc. 73) is denied as moot.

claims for failure to pay wages owed under employment contracts. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 901 n.6 (9th Cir. 2013). The district court erred by instead applying the "gravamen of the action" test to determine that the two-year minimum wage claim statute of limitations applied to Cantáro's claims for breach of the explicit terms of a written employment contract. The Nevada Supreme Court has applied this test in the context of personal injury cases pleaded as breach of implied contract. *See Crabb v. Harmon Enters., Inc.*, No. 60634, 2014 WL 549834, at *2 (Nev. Feb 10, 2014) (determining that a claim for food poisoning pleaded as breach of implied contract sounded in tort, applying tort statute of limitations for personal injury). However, it has not applied it to breach of contract claims.

## II

Although the district court did not analyze whether Cantáro met CAFA's requirements under the six-year statute of limitations, the court clearly erred in determining that Cantáro failed to meet the requirements under even a two-year statute of limitations. CAFA provides federal jurisdiction over class actions where: (1) the class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). Minimal diversity is not at issue in this appeal.

## A

The district court did not determine explicitly that Cantáro failed to establish by a preponderance of the evidence that the WRA class contained at least 100 members. To the extent that the district court found Cantáro's WRA estimate "questionable because it assumes that every labor certification the WRA obtained was actually used," however, such finding was clearly erroneous. "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). Cantáro pleaded that WRA employed 173 shepherds in Nevada in 2014, based on Department of Labor Disclosure Data. Nothing in the record suggests WRA secured DOL certifications and subsequently failed to employ herders. Further, Cantáro omitted from the class size estimate himself and any other shepherds certified as California herders but working in Nevada. Therefore, the district court clearly erred to the extent it determined that Cantáro failed to demonstrate by a preponderance of the evidence that the WRA class included more than 100 members.

## B

The district court clearly erred in determining that Cantaro failed to satisfy CAFA's $5 million amount in controversy requirement. "When a plaintiff invokes

4

federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 553 (2014) (internal citation omitted). Generally, where a complaint makes a good faith allegation, the requirement is "presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Faced with a factual attack on subject matter jurisdiction," however, "no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal citation omitted).

The district court determined that Cantáro failed to meet his burden to demonstrate the amount in controversy because Cantáro's calculations were based on the "unreasonable" assumption that "every certified Nevada shepherd actually worked," or was entitled to compensation for, "every hour of every day of every year during which he or she was certified." We need not evaluate the reasonableness of these assumptions, however, because the amount in controversy exceeds $5 million even under the 56-hour work week accepted by the district court as a reasonable estimate. The court committed clear error for failing to

5

recalculate the amount in controversy before concluding that "the preponderance lies with Defendants."

## II

Because we hold that the district court possessed diversity jurisdiction under CAFA, we need not address federal question jurisdiction.

**REVERSED AND REMANDED.**

*Cantaro Castillo v. Western Range Ass'n*, No. 18-15398
IKUTA, Circuit Judge, dissenting

"Faced with a factual attack on subject matter jurisdiction . . . [n]o presumptive truthfulness attached to the plaintiff's allegations," *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979), and the plaintiffs must demonstrate that they meet the requirements for Class Action Fairness Act (CAFA) jurisdiction by a preponderance of the evidence, *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884–85 (9th Cir. 2013). Because the plaintiffs have failed to adduce the evidence necessary to show that they meet the amount-in-controversy requirement, I dissent.

The majority asserts that the district court erred by applying a two-year statute of limitations, rather than a six-year statute of limitations, to plaintiffs' claims, on the ground that a six-year statute of limitations applies to breach of contract claims in Nevada. Maj. at 2. While Nevada's six-year statute of limitations may apply to wages owed under employment contracts, Maj. at 2, plaintiffs have failed to prove that they have such a contract with the Western Range Association (WRA). There is no employment contract between any plaintiff and WRA in the record, and the majority cites none. Even if a contract between the plaintiffs and WRA is implied by law, the statute of limitations for a breach of implied contract in Nevada is four years, not six. *See* Nev. Rev. Stat.

§ 11.190(2)(c); *see also Saylor v. Arcotta*, 225 P.3d 1276, 1278–79 (Nev. 2010). Given the lack of evidence of a contract (and the plaintiffs' failure to argue that the statute of limitations for quasi-contract applies), the district court could reasonably conclude that the two-year statute of limitations applies to plaintiffs' wage-and-hour claims. *See* Nev. Rev. Stat. § 608.260.

Under a two-year statute of limitations, the plaintiffs have failed to meet their burden of proving they satisfy the amount-in-controversy requirement by a preponderance of the evidence. First, the plaintiffs failed to prove the number of plaintiffs in the class by a preponderance of the evidence. Although plaintiffs allege that WRA employed between 98 and 173 shepherds, the only evidence in the record shows that WRA obtained certifications that would enable it to hire that number of shepherds; there is no evidence as to the number of shepherds actually hired.

Second, the plaintiffs failed to prove the number of hours they worked in Nevada over the course of the applicable time period. In the absence of contrary evidence, the district court did not clearly err by crediting the declarations indicating that the shepherds worked eight-hour days, rather than twenty-four-hour days, and that shepherds generally worked half the year in Nevada and half the year in California. Indeed, even Abel Cantáro Castillo acknowledged that he split

2

his time between Nevada and California.  Even assuming there are 100 shepherds in the class at issue here, they cannot satisfy the $5 million amount in controversy required under CAFA if they worked six months per year, eight hours per day, for two years, for the Nevada minimum wage.  *See* 28 U.S.C. § 1332(d)(2).  Indeed, the plaintiffs cannot satisfy the amount in controversy even if they worked for four years, under the longer statute of limitations for quasi-contracts.

Because the plaintiffs have not established that they meet the amount-in-controversy requirement by a preponderance of the evidence, I would affirm the district court's dismissal for lack of subject matter jurisdiction under CAFA.  I would also affirm the district court's dismissal for lack of federal-question jurisdiction because the application of the federal regulations to the facts here does not fall into the "special and small category" of cases that present a "substantial" question of federal law that is necessarily raised.  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  Accordingly, I dissent.