NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES S. SONG; ADRIENNE SONG, | No. 19-15144 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-00757-JCM-PAL |
| v. | |
| MTC FINANCIAL, INC., DBA Trustee Corps; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 14, 2020**
San Francisco, California

Before: TALLMAN and HUNSAKER, Circuit Judges, and SILVER,*** District
Judge.

James and Adrienne Song ("Songs") appeal district court orders denying the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Songs' motion to remand; granting MTC Financial, Inc., et al.'s ("Defendants") motion to dismiss; and denying the Songs' motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we affirm the remand order in full and the dismissal order in part. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1218 (9th Cir. 2009) (remand order); *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (dismissal order). Because we remand the dismissal order, we review the district court's denial of the Songs' reconsideration motion only for jurisdiction, and we affirm.

On the remand order: The district court properly rejected the Songs' arguments that Defendants' removal notice was deficient and that Defendants waived their ability to remove. Counsel for one of the Defendants, PHH Mortgage Corporation, "asserted" in the notice that the other Defendants "consent[] to the removal." That is "fully sufficient" under controlling precedent. *See Proctor*, 584 F.3d at 1225. And Defendants did not "clear[ly] and unequivocal[ly]" waive removal by opposing the Songs' preliminary injunction motion, which was a "necessary defensive action." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (quoting *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)). Nor did Defendants waive removal by invoking Nevada's ministerial mechanism for automatically removing judges based on a one-time peremptory challenge, *see* Nev. Sup. Ct. R. 48.1 ¶¶ 1–2, which falls "short of

proceeding to an adjudication on the merits," *see Kenny*, 881 F.3d at 790 (quoting *Resolution Tr. Corp.*, 43 F.3d at 1240).

On the dismissal order: The district court concluded that all seven of the Songs' claims "sound[ed] in wrongful foreclosure" and erroneously dismissed the entire case because the Songs failed to allege that they did not default on their mortgage. It is clear that, in Nevada, "no default" is an element of a wrongful foreclosure claim. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). But it is far from clear that a plaintiff must allege "no default" before bringing discrete claims that relate to foreclosure, where none of those claims individually require proof of "no default."

The record does support dismissal of the Songs' declaratory judgment claim: contrary to the Songs' argument, Defendants can nonjudicially foreclose more than six years after the Songs' default. *See Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1071 (Nev. 2017) (en banc). And, in any case, the second notice of default was rescinded on March 20, 2013, thus "render[ing] moot disputes concerning the notice of default or its timing." *Holt v. Reg'l Tr. Servs. Corp.*, 266 P.3d 602, 606 (Nev. 2011). The fourth notice of default was filed on March 16, 2017, meaning that the foreclosure would have been timely even if the six-year statute of limitations applied.

The record does not otherwise support dismissal of the Songs' promissory

estoppel, intentional misrepresentation, negligent misrepresentation, fraud, civil conspiracy, and slander of title claims. We remand for the district court to consider whether those individual claims are plausible. The Songs, on remand, can move the district court to amend their complaint if they wish.

On the reconsideration order: The district court had jurisdiction to dismiss the Songs' case while the interlocutory appeal was pending. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."). Because we remand the dismissal order, we do not consider the Songs' other arguments on reconsideration.

The parties shall bear their own costs.

**AFFIRMED in part and REMANDED with instructions.**